J-S55041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| RAYMOND TRAUTMAN, | : | |
| | : | |
| Appellant | : | No. 612 WDA 2015 |

Appeal from the Judgment of Sentence Entered March 30, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No: CP-26-CR-0001084-2014

BEFORE:    FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED SEPTEMBER 14, 2015**

Raymond Trautman (Appellant) appeals from his judgment of sentence of one to two years' incarceration entered following his guilty pleas to five counts of dissemination of child pornography and one count of criminal use of a communication facility.  Specifically, Appellant challenges the resulting 25-year registration required by the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  We affirm.

We begin by noting the following applicable law.

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901, *et seq*.  Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time.  Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense… must register for 15 years.  A Tier II offender must register for 25

*Retired Senior Judge assigned to the Superior Court.

years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

***Commonwealth v. McDonough***, 96 A.3d 1067, 1070 (Pa. Super. 2014) (some citations omitted).

Because Appellant pled guilty to dissemination of child pornography,[1] he was informed at sentencing that his conviction of a Tier II offense required 25 years of registration under SORNA.[2] N.T., 3/30/2015, at 4. Appellant had also been assessed by the Sexual Offenders Assessment Board (SOAB) to consider whether he should be classified a sexually violent predator (SVP). ***See*** 42 Pa.C.S. § 9799.24. At sentencing, the trial court found that Appellant did not meet the criteria to be classified as an SVP. ***Id***. at 2.

Appellant timely filed a post-sentence motion, which was denied. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant presents this Court with three questions:

> [1.] Is it unconstitutional to require [Appellant] to register for twenty five years when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?
>
> [2.] Is the Adam Walsh Statute unconstitutional in requiring [Appellant] to register for twenty five (25) years?

---

[1] 18 Pa.C.S. § 6312(c).

[2] ***See*** 42 Pa.C.S. § 9799.14(c)(4) (listing 18 Pa.C.S. § 6312(c) among Tier II offenses).

[3.] Is the Adam Walsh Statute unconstitutional in requiring [Appellant] to register for twenty five (25) years when Appellant was assessed and deemed not to be a sexual predator?

Appellant's Brief at 7 (unnecessary capitalization omitted).

We consider Appellant's questions together and summarize his argument as follows. Appellant contends that the registration requirements of SORNA are unconstitutional in general. Appellant's Brief at 10. He further contends that the registration requirements are unconstitutional in this case because 1) the registration requirement exceeds the statutory maximum punishment available in this case, and 2) Appellant was not classified as an SVP. *Id*. at 12-13.

This Court has held that SORNA's registration requirements, just like the registration requirements of Megan's Law, are collateral consequences of a conviction, remedial rather than punitive in nature, and thus "their application is not limited by the factors that control the imposition of sentence." *McDonough*, 96 A.3d at 1071 (quoting *Commonwealth v. Benner*, 853 A.2d 1068, 1072 (Pa. Super. 2004)). Specifically, we have found no merit to the argument that the length of the registration period may not exceed the statutory maximum sentence for the underlying crime. *McDonough*, 96 A.3d at 1072 (affirming 15-year registration resulting from

a conviction with a two-year statutory maximum penalty).[3]  Moreover, the registration requirements of SORNA are wholly independent of the SVP process.   Accordingly, Appellant is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/14/2015

---

[3] We observe that **McDonough** was decided on July 21, 2014, and Appellant's brief in this case was filed a year later, on July 8, 2015. Appellant's failure to cite to or distinguish this case from **McDonough** arguably violates counsel's duty with respect to candor to the tribunal. **See** Pa.R.P.C. 3.3(a)(2) ("A lawyer shall not knowingly … fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]").